UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALFORD,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 1:22-cv-01056-ADA-CDB<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, ARE DUE WITHIN TWENTY-ONE DAYS.<br><br>(ECF No. 7) |

### Background and Procedural History

Plaintiff Mark Alford ("Plaintiff") initiated this action on August 19, 2022.  (ECF No. 1).  That same date, the Clerk of Court issued a summons and ordered Plaintiff to diligently pursue and provide proof of service of the summons and complaint.  (ECF Nos. 2, 4).  The Court noted failure to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.  (ECF No. 4 at 1) (citing F.R. Civ. P. Rule 4)).

On October 31, 2022, the Court issued an order to show cause no later than November 21, 2022, why sanctions should not be imposed for Plaintiff's failure to prosecute this action and to comply with the Court's orders to file proofs of service of the summons and complaint.  (ECF No. 7).  Plaintiff has not filed any response or otherwise indicated an intention to prosecute this case.

1  Accordingly, for the reasons described below, the Court recommends that Plaintiff's case be

2  dismissed without prejudice for failure to comply with a court order and failure to prosecute.

3  **Failure to Prosecute and Comply with a Court Order**

4  Courts weigh five factors in deciding whether to dismiss a case for failure to comply with a

5  court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

6  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

7  of cases on their merits; and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp.* (*In re:*

8  *Phenylpropanolamine (PPA) Prods. Liab. Litig.*), 460 F.3d 1217, 1226 (9th Cir. 2006) (citation

9  omitted). These factors are "not a series of conditions precedent before the judge can do anything,"

10  but for a judge to think about what to do. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057

11  (9th Cir. 1998).

12  The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this

13  action. The public has an overriding interest in securing "the just, speedy, and inexpensive

14  determination of every action." Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983,

15  990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors

16  dismissal."). Plaintiff was provided twenty-one days to respond to the Court's request. (ECF No. 7).

17  No response was filed. Accordingly, this factor weighs in favor of dismissal.

18  As to the Court's need to manage its docket, "[t]he trial judge is in the best position to

19  determine whether the delay in a particular case interferes with docket management and the public

20  interest…. It is incumbent upon the Court to manage its docket without being subject to routine

21  noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik*

22  *v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Here, Plaintiff has failed to respond to the Court's

23  October 31, 2022, Order. (ECF No. 7). The Court is experiencing an ongoing judicial emergency and

24  heavy caseload. Plaintiff's failure to respond is delaying the case and interfering with docket

25  management. Therefore, the second factor weighs in favor of dismissal.

26  Turning to the risk of prejudice, a defendant suffers prejudice if a plaintiff's actions impair a

27  defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana*

28  *Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Plaintiff's failure to comply with a court

2

1   order and to prosecute this case imposes sufficient prejudice upon Defendant.  Therefore, the third

2   factor weighs in favor of dismissal.

3        Next, because public policy favors disposition of cases on the merits, this factor weighs against

4   dismissal of Plaintiff's case.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)

5   (the public policy favoring disposition of cases on their merits counsels strongly against dismissal).

6        Lastly, the availability of less drastic sanctions weighs in favor of dismissal.  "The district

7   court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of

8   the sanction and the adequacy of less drastic sanctions."  *Malone*, 833 F.2d at 131-32 (quoting *United*

9   *States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)).  At this stage in the proceedings,

10  there is little available to the Court which would constitute a satisfactory lesser sanction while

11  protecting the Court from further unnecessary expenditures of its scarce resources.  Given the stage of

12  these proceedings, the preclusion of evidence or witness is not available.  Additionally, the Court only

13  recommends dismissal without prejudice.  Because the dismissal being considered in this case is

14  without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with

15  prejudice.

16       After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

17  **Conclusion and Recommendations**

18       Based on the foregoing, the Court HEREBY RECOMMENDS that:

19       1.   This action be dismissed without prejudice for failure to prosecute and failure to comply

20          with a court order; and

21       2.   The Clerk of Court be directed to close this case.

22       These findings and recommendations will be submitted to the United States district judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

24  after being served with these findings and recommendations, Petitioner may file written objections

25  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

26  Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may

27  / / /

28  / / /

3

result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 23, 2022**                    _____

UNITED STATES MAGISTRATE JUDGE

4