UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.  1:22-cv-01056-ADA-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, WITHDRAWING FINDINGS AND RECOMMENDATIONS AND RESETTING INITIAL SCHEDULING CONFERENCE<br><br>(ECF Nos. 7-8). |

    On August 19, 2022, Plaintiff Mark Alford ("Plaintiff") filed a complaint against Defendant United States of America ("Defendant").  (ECF No. 1).  That same date, the Clerk of Court issued a summons, and an order was entered directing Plaintiff to diligently pursue service and promptly file proof of service of the summons and complaint.  (ECF Nos. 2, 4).  The Court noted failure to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.  (ECF No. 4 at 1) (citing F.R. Civ. P. Rule 4).

    On October 31, 2022, the Court issued a show cause order for Plaintiff's failure to prosecute this action and to comply with the Court's orders.  (ECF No. 7).  The Court noted in its order that Plaintiff had more than two months to serve and file proofs of service of the summons and complaint but had failed to do so.  *Id*. at 1.  The Court provided Plaintiff three weeks to respond to the Court's show cause order and continued the mandatory scheduling

1

conference to January 10, 2023. *Id*. at 2. Plaintiff failed to timely respond to the Court's order.

On November 23, 2022, the Court issued findings and recommendations that this action be dismissed without prejudice for Plaintiff's failure to prosecute and failure to comply with court orders. (ECF No. 8). On December 14, 2022, Plaintiff through counsel timely filed objections to the Court's findings and recommendations. (ECF No. 9). Counsel for Plaintiff represented that "a series of administrative errors led to not effecting service on Defendants until now or attend the initial case management conference." (ECF No. 9-1 at 2-3). Counsel for Plaintiff further represented: "I have taken necessary steps to ensure that I will be aware of all electronic notices from this Court and will timely and efficiently prosecute this case." *Id*. at 3. On December 15, 2022, Plaintiff filed proof of service as to Defendant. (ECF No. 10).

To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). The Court finds Plaintiff's representations in the objections to the Court's findings and recommendations demonstrate that the Plaintiff's failure to serve the summons and complaint within the 90-day period set under Rule 4(m) constitutes excusable neglect. Plaintiff's execution and filing of proof of service establishes that Plaintiff is engaged in prosecuting this action. (ECF No. 10).

Accordingly, IT IS HEREBY ORDERED:

1. The Court's October 31, 2022, order to show cause (ECF No. 7) is DISCHARGED;
2. The Court's Findings and Recommendations that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order is WITHDRAWN; and
3. The initial scheduling conference set for January 10, 2023, at 9:00 AM is VACATED and RESET to February 23, 2023 at 9:30 AM in Bakersfield, 510 19th Street before Magistrate Judge Christopher D. Baker. The parties shall appear at the conference remotely via Zoom video conference, and the Zoom ID and password will be provided to counsel by the Courtroom Deputy prior to the conference. The parties are reminded

of their obligation to file a joint scheduling report at least one week prior to the conference and the report shall also be e-mailed, in Word format, to CDBorders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated: __**December 20, 2022**__              _____
                                              UNITED STATES MAGISTRATE JUDGE