PHILLIP A. TALBERT
United States Attorney
PHILIP A. SCARBOROUGH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Philip.Scarborough@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALFORD,<br><br>                    Plaintiff,<br><br>           v.<br><br>UNITED STATES,<br><br>                    Defendant. | CASE NO.  1:22-CV-01056-ADA-CDB<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS<br><br>DATE:     June 26, 2023<br>TIME:      1:30 p.m.<br>COURT:   Courtroom 1, 8th Floor<br>JUDGE:   Hon. Ana de Alba |

Defendant the United States respectfully moves to dismiss the amended complaint in this action for lack of subject matter jurisdiction. Plaintiff Mark Alford invokes the Court's jurisdiction under the Federal Tort Claims Act ("FTCA") for alleged torts committed by an employee of Toiyabe Indian Health Project, Inc. ("TIHP"), which he alleges is a subcontractor of the California Rural Indian Health Board, Inc. ("CRIHB"). *See* Dkt. 1 ¶¶ 1-6. He alleges that CRIHB, in turn, has entered a Self-Determination Contract with the Department of Health and Human Services under the Indian Self-Determination and Education Assistance Act ("ISDEAA"), thereby making the United States responsible for the torts of TIHP's employees. *See id.* ¶¶ 5-6. Alford's complaint is deficient in multiple respects. First, to invoke the Court's jurisdiction under a self-determination contract such as the one at issue here, controlling precedent requires Alford to identify the specific contractual provisions in the self-determination contract that he alleges the tortfeasor was performing at the time of the alleged tort. *Shirk v. United States*, 773 F.3d 999, 1006-07 (9th Cir. 2014). His complaint fails to do so and

therefore is jurisdictionally deficient on its face.  Second, to the extent Alford pleads a claim based on defamation or misrepresentation, and to the extent he seeks punitive damages, exemplary damages, or attorneys' fees, binding precedent holds that such claims and relief are not available under the FTCA. And finally, his third cause of action for intentional infliction of emotional distress fails to allege facts that state a claim upon which relief can be granted.  For these reasons, the Court should dismiss the amended complaint.

## BACKGROUND

In his amended complaint (Dkt. 19), Alford alleges that he is the former Chief Operations Officer of TIHP.  *See* Dkt. 19 ¶ 4.  He alleges that TIHP is a subcontractor of CRIHB, which he alleges has a self-determination contract with the Department of Health and Human Services ("HHS").  *See id.* ¶ 5.  According to the complaint, as the Chief Operations Officer, Alford reported various wrongful acts that were occurring at TIHP, after which TIHP's CEO, Kori Novak, allegedly retaliated against him and ultimately caused his termination.  *See id.* ¶¶ 10-15.  Alford alleges that because TIHP is a subcontractor of CRIHB, and because CRIHB in turn has a self-determination contract with HHS, Novak is an employee of HHS for purposes of the FTCA.  *See id.* ¶¶ 5, 7.

Based on these allegations, Alford asserts three causes of action.  First, he asserts a claim for retaliation under California Labor Code § 1102.5.  *See* Dkt. 19 ¶¶ 21-32.  Second, he alleges a common law claim for wrongful termination.  *See id.* ¶¶ 33-43.  Third, he alleges a claim for intentional infliction of emotional distress.  *See id.* ¶¶ 44-47.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  Such motions may be a facial attack based solely on the complaint.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In such cases, the Court evaluates the sufficiency of the jurisdictional allegations, assuming they are true for purposes of the motion, to determine whether jurisdiction exists. *See, e.g.*, *Brooke v. Suites LP*, 2020 WL 6149963, at *2 (S.D. Cal. Oct. 19, 2020).  The Court need not accept the truth of conclusory allegations.  *See id.*

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Although the Court must "accept as true the factual allegations of the complaint," *Mayes v. Kaiser Found. Hosp.*, 917 F. Supp. 2d 1074, 1078 (E.D. Cal. 2013), the Court need not give such deference to "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

### A. The Amended Complaint Fails to Identify an FTCA-Covered Provision.

#### 1. Federal Sovereign Immunity and the FTCA.

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Lawsuits against the United States must be dismissed for lack of subject matter jurisdiction unless the plaintiff can identify a waiver of sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).

The Federal Tort Claims Act waives sovereign immunity with respect to certain tort liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015) (quoting 28 U.S.C. § 1346(b)(1)). The plaintiff, as the party asserting that a waiver of sovereign immunity has occurred, bears the burden of showing that sovereign immunity has been waived. *See, e.g.*, *Rio Linda Elverta Community Water Dist. v. United States*, -- F. Supp. 3d --, 2022 WL 3567143, at *5 (E.D. Cal. Aug. 18, 2022). And waivers of sovereign immunity, including under the FTCA, are strictly construed in favor of the sovereign. *See, e.g.*, *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008).

#### 2. The FTCA and Indian Self-Determination Contracts.

"The federal government has long provided a series of services to Indian tribes." *Shirk v. United States*, 773 F.3d 999, 1001 (9th Cir. 2014). But beginning with the New Deal era, and accelerating rapidly in the 1970s, federal policy has decentralized those services in favor of tribal autonomy. *See id.* at 1001-02. After the passage of the Indian Self-Determination and Education and Assistance Act of 1975 ("ISDEAA"), tribes were empowered to assume the administration of programs formerly provided by federal agencies. *See id.* Upon submission of a contract request from a tribe and subject to certain


exceptions, Indian tribes may contract with the appropriate federal agency to provide services formerly provided by the agency. *See id.* at 1002. "These contracts are commonly called '638 contracts,' in reference to the public law number of the ISDEAA." *Id.*

When a tribe enters a self-determination contract, certain claims arising from the provision of services under that contract may come within the United States' waiver of sovereign immunity under the FTCA. Although Alford does not identify which statutory provision he believes applies, it appears that the correct provision is 25 U.S.C. § 5321(d). Under that section, "an Indian tribe, a tribal organization, or Indian contractor carrying out a contract, grant agreement, or cooperative agreement under" 25 U.S.C. §§ 5321 or 5322 "is deemed to be part of the Public Health Service" for purposes of FTCA coverage "with respect to claims . . . resulting from the performance . . . of medical, surgical, dental, or related functions" or "resulting from the operation of an emergency motor vehicle." 25 U.S.C. § 5321(d).

### 3. The Complaint Fails to Identify Which Provision of the Self-Determination Contract Was Being Performed at the Time of the Allegedly Tortious Conduct.

Because Indian self-determination contracts such as the one at issue here only result in FTCA coverage with respect to claims arising out of the performance of the self-determination contract, controlling case law requires a plaintiff to identify the specific contractual provision that he alleges the tortfeasor was performing when the tort occurred. The Ninth Circuit has held that determining the scope of FTCA coverage arising from a self-determination contract requires first evaluating whether the challenged activity "is, in fact, encompassed by the relevant federal contract or agreement." *Shirk*, 773 F.3d at 1006. This is necessary because FTCA coverage is only extended to those employees of a covered tribal organization who are "carrying out" a covered contract or agreement. 25 U.S.C. § 5321(d); *see Shirk*, 773 F.3d at 1005. Because an FTCA plaintiff bears the burden of establishing jurisdiction, the plaintiff's failure to identify the contractual provision at issue "is sufficient to defeat subject matter jurisdiction." *Id.*

Here, the complaint must be dismissed under *Shirk*. The Ninth Circuit has held that "a plaintiff in an FTCA suit must identify *which contractual provisions* the alleged tortfeasor was carrying out at the time of the tort." *Shirk*, 773 F.3d at 1006 (emphasis added). But the complaint here fails to identify any

such contractual provision. Instead, the complaint alleges that: (1) the alleged tortfeasor (Novak) is the CEO of TIHP, *see* Dkt. 19 ¶ 9; (2) that TIHP is a subcontractor of CRIHB, *see id.* ¶ 5; and (3) that CRIHB in turn has a self-determination contract with HHS, *see id.* The complaint does quote language from the self-determination contract between CRIHB and HHS. *See id.* ¶ 5. But that only begs the question of which contractual provision Novak (who according to the complaint is an employee of TIHP, not CRIHB) allegedly was performing. And the contractual provision quoted in the complaint only re-states the statutory requirements of § 5321(d); it does not identify what provision of an applicable contract Novak was performing. *See* Dkt. 19 ¶ 5 (quoting self-determination contract between CRIHB and HHS as saying "For the purposes of Federal Tort Claims Act coverage, the contractor and its employees are . . . deemed to be employees of the Federal government while performing work under this contract"). Because plaintiff bears the burden of identifying the specific contractual provision at issue, *see Shirk*, 773 F.3d at 1006, the failure to do so requires dismissal.

**B.     The Complaint Pursues Theories and Relief Barred by the FTCA.**

The amended complaint appears to rely on theories of liability that are specifically barred by the FTCA. These include defamation and misrepresentation. In addition, the complaint requests relief that, under controlling law, is not available under the FTCA, including punitive or exemplary damages and attorneys' fees. To the extent the complaint pursues such theories of liability, or seeks such relief, it must be dismissed.

   **1.     The FTCA Specifically Excludes Liability Based on Defamation or Misrepresentation.**

Although the FTCA waives sovereign immunity with respect to tort liability in many circumstances, it "d[oes] not waive the sovereign immunity of the United States in all respects" because "Congress was careful to except . . . several important classes of tort claims." *Chadd*, 794 F.3d at 1108 (internal quotations and citations omitted). Relevant here are two statutory exceptions to the waiver of sovereign immunity in the FTCA: the defamation exception and the misrepresentation exception. These two exceptions to the FTCA's waiver of sovereign immunity located at 28 U.S.C. § 2680(h). That statute says, in relevant part, that "[t]he provisions of [the FTCA] shall not apply to: . . . (h) Any claim arising out of . . . libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h).

With respect to libel and slander, the law is clear that any tort based on such conduct, including defamation, is barred by this exception to the FTCA. *See, e.g.*, *Head v. United States*, 830 F. App'x 915, 915-16 (9th Cir. 2020) (noting that the United States has not waived sovereign immunity for defamation claims). Courts must look beyond the label used to describe a claim to determine "whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." *Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996).

Here, the amended complaint is replete with references to Novak's purported defamation of Alford. *See, e.g.*, Dkt. 15 ¶ 15 ("Upon learning of Alford's complaint, [Novak] continued to defame him . . . ."); *id.* ¶ 14 ("Novak had engaged in a campaign of defamation against him"); *id.* ¶ 28 (noting that "Alford reported that Novak defamed him"); *id.* ¶ 39 (same). The United States has not waived sovereign immunity with respect to any claims of defamation. To the extent Alford's theories of liability are based on any alleged defamatory statements made by Novak, the Court lacks jurisdiction over such claims.

During the meet and confer process prior to filing this motion, counsel for plaintiff indicated that plaintiff was not pursuing a claim for defamation. The analysis under this exception must go deeper than that, though, because the exception applies whenever "the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." *Sabow*, 93 F.3d at 1456. For example, to the extent Alford argues that Novak retaliated against him by defaming him, that claim is barred by § 2680(h).

The analysis is similar with respect to claims of misrepresentation. Because misrepresentation and deceit are specifically exempted from the waiver of sovereign immunity, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)." *Owyhee Grazing Ass'n v. Field*, 637 F.2d 694, 697 (9th Cir. 1981). This exception "appl[ies] to claims that sound in misrepresentation, fraud, or deceit, even when labeled otherwise." *Salem v. F.D.I.C.*, 2016 WL 7229424, at *6 (S.D. Cal. Dec. 14, 2016).

As with defamation, the amended complaint contains several references to purported misrepresentations made by Novak. *See, e.g.*, Dkt. 19 ¶¶ 14, 28, 39. But the FTCA does not waive sovereign immunity for any theories of liability based on misrepresentations. To the extent Alford's theory of liability is based on any purported misrepresentation, the Court lacks jurisdiction over such

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS    6

claims. This is true whether the claim is labeled as one for "misrepresentation" or for something else. *Salem*, 2016 WL 7229424, at *6. For example, any claim that Novak retaliated against Alford by making misrepresentations is barred by this exception.

### 2.   The Complaint Seeks Relief that Is Barred by the FTCA.

Next, the amended complaint seeks relief, in the form of punitive or exemplary damages and attorneys' fees, that is expressly barred by the FTCA and controlling precedent. For example, Alford alleges that he is entitled to recover "punitive and exemplary damages . . . as well as attorneys' fees under California Code of Civil Procedure section 1021.5." Dkt. 19 ¶ 32; *see also id.* ¶ 43; *id.* at Prayer for Relief (seeking punitive damages). During the meet and confer process prior to filing this motion, counsel for plaintiff indicated that he agrees that the FTCA bars recovery of punitive damages and attorneys' fees.

Punitive damages are expressly barred by the language of the FTCA. *See* 28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to judgment or for punitive damages."). Numerous courts have recognized this bar for a very long time. *See, e.g.*, *Walker v. Chugachmiut*, 46 F. App'x 421, 425 (9th Cir. 2002) ("The FTCA also bars the award of punitive damages."); *Anderson v. United States*, 2018 WL 3388410, at *9 (E.D. Cal. July 10, 2018) ("In a claim under the FTCA against the United States, punitive damages are not available."); *Esquibel v. United States*, 2015 WL 4069060, at *2 (E.D. Cal. July 2, 2015) ("Plaintiff's claims for attorney's fees and punitive damages against the government are barred by law."); *Robinson v. United States*, 175 F. Supp. 2d 1215, 1230 (E.D. Cal. Nov. 20, 2001) ("[T]he FTCA expressly disallows recovery for punitive damages.").

The analysis is the same with respect to Alford's request for attorneys' fees under California Code of Civil Procedure § 1021.5. Controlling precedent forecloses this argument. The Ninth Circuit has directly held that attorneys' fees, even if authorized by a state statute, are not available as a remedy under the FTCA. *Anderson v. United States*, 127 F.3d 1190, 1191-92 (9th Cir. 1997). In *Anderson*, the Ninth Circuit noted that "[t]he FTCA does not contain an express waiver of sovereign immunity for attorneys' fees and expenses." *Id.* at 1191. It then noted that attorneys' fees were mentioned only once in the FTCA statutory language, "in a provision that limits the amount an attorney can recover in a contingency fee arrangement to twenty-five percent of the total damage award." *Id.* Applying the

principle that waivers of sovereign immunity are construed narrowly in favor of the sovereign, the Ninth Circuit also held that "[a] state statute that permits the recovery of attorneys' fees does not entitle prevailing parties to a fee award against the United States under the FTCA." *Id.*  It then concluded that "Congress has not waived the government's sovereign immunity for attorneys' fees and expenses under the FTCA" and reversed the district court's contrary conclusion. *Id.* at 1191-92.

Based on this controlling authority, Alford's request for punitive damages and for attorneys' fees must be dismissed.

**C.    The Complaint Fails to State a Claim for Intentional Infliction of Emotional Distress.**

Alford's third cause of action, for intentional infliction of emotional distress, must be dismissed because the complaint fails to allege any facts sufficient to support an inference that he is entitled to relief for that claim.  Under California law, the elements of intentional infliction of emotional distress are:  (1) outrageous conduct; (2) the intention of causing, or reckless disregard of the probability of causing emotional distress; (3) severe or extreme emotional distress; and (4) actual and proximate causation.  *Girard v. Ball*, 125 Cal. App. 3d 772, 786 (1981).  Only conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community" meets the standard.  *Smith v. BP Lubricants USA Inc.*, 64 Cal. App. 5th 138, 147 (2021) (internal quotations and citations omitted).

The amended complaint fails to allege any facts in support of this claim that show these elements are met.  For example, rather than alleging facts that show how Alford suffered severe or extreme emotional distress, the complaint states only the unsupported allegation that "Plaintiff did suffer extreme emotional distress."  Dkt. 19 ¶ 45.  Rather than identifying facts from which intention could be inferred or who had the intention to emotionally harm Alford, he alleges only that "Defendant intended to cause Plaintiff to suffer extreme emotional distress."  *Id.*  Similar defects exist in the allegations relating to allegedly lost reputation, promotions, and other employment opportunities and Alford's allegedly continuing damages.  *See id.* ¶¶ 46-47.  There are no facts anywhere in the complaint that explain how Alford's reputation has been damaged, what promotions or other employment opportunities were lost, why they were lost, or what additional emotional distress, humiliation, and mental and physical pain and anguish have occurred.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS               8

These allegations are the textbook example of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Such allegations "do not suffice" to state a claim. *Id.* Because Alford's allegations relating to the claim for intentional infliction of emotional distress are not supported by any factual allegations, he fails to state a claim. The Court should dismiss this cause of action under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court should grant the United States' motion to dismiss.

Dated: May 8, 2023

PHILLIP A. TALBERT
United States Attorney

By: */s/ Philip A. Scarborough*
PHILIP A. SCARBOROUGH
Assistant United States Attorney

Attorneys for the United States